IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **WOLF MOUNTAIN RESORTS, LC,**<br><br>Plaintiff,<br><br>v.<br><br>**TALISKER CORPORATION, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:07-CV-00548DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendants Talisker Corporation (Talisker), Talisker Canyons Finance Co., LLC (Talisker Canyons), and Jack Bistricer's Motion to Dismiss for Lack of Diversity Jurisdiction. The court held a hearing on the motion on December 18, 2007. At the hearing, Michael W. Homer and Jesse C. Trentadue represented Plaintiff Wolf Mountain Resorts, LC (Wolf Mountain) and Robert S. Campbell represented Defendants. At the conclusion of the hearing, the court asked the parties to submit supplemental briefing as to the diversity jurisdiction issue as well as to whether Wolf Mountain failed to join American Ski Company of Utah (ASCU) as an indispensable party. Now, having carefully considered the memoranda, supplemental briefing, and additional materials submitted by the parties, as well as the relevant law and facts relating to the motion and the indispensability issue, the court renders the following Memorandum Decision and Order.

## BACKGROUND

1

Wolf Mountain owns or leases property in Summit County, Utah (the Property), upon which The Canyons Ski Resort is operated. On July 3, 1997, Wolf Mountain entered into an agreement to lease the Property to ASCU to operate The Canyons Ski Resort (the Lease). According to the Lease,

> [ASCU] shall not assign all or any portion of the Lease without obtaining the prior written consent of [Wolf Mountain] to any such assignment, which consent [Wolf Mountain] may not unreasonably withhold or delay. Notwithstanding the foregoing, [ASCU] shall not be prohibited from assigning all or any portion of its interest hereunder to any entity affiliated with . . . [Wolf Mountain]. Except as provided below, [ASCU] . . . shall remain fully liable to perform [its] respective obligations under th[e] Lease . . . , notwithstanding any assignment permitted hereunder.
>
> A sale of all or substantially all [ASCU's] assets, or a transfer of record or beneficial ownership of more than 50% of the voting stock of [ASCU] to a party unaffiliated with [ASCU], whether by merger, consolidation, or other reorganization, shall constitute an "'assignment'" for purposes of this [s]ection. . . .  In such event, [Wolf Mountain] may not unreasonably withhold or delay its consent provided that the proposed successor or assignee of [ASCU] shall be a person or business organization with financial condition and operating capability and expe[rience] reasonably adequate to operate the premises in a manner consistent with other comparably sized ski resorts throughout the United States.

Some years after signing the Lease, Wolf Mountain and ASCU entered into complex litigation as to Wolf Mountain's right to terminate the Lease because of ASCU's alleged breaches thereof. In October 2006, Wolf Mountain entered into an agreement with Peninsula Advisor (Peninsula) to form a company for the specific purpose of acquiring both Wolf Mountain's interest in the Property and ASCU's stock, thereby ending the litigation between Wolf Mountain and ASCU. This transaction was set to close on or before May 31, 2007. On

March 2, 2007, Wolf Mountain, Peninsula, and American Ski Company (ASC), ASCU's parent company, signed a letter of intent stating that Peninsula would acquire ASCU from ASC. The alleged intention was that after Peninsula acquired ASCU, Peninsula would contribute the ASCU's stock to the new company formed by Peninsula and Wolf Mountain.

The transaction did not close on or before May 31, 2007. On July 16, 2007, Peninsula sued Wolf Mountain. That same day, ASC informed the Securities and Exchange Commission that ASC had entered into an agreement with Defendants to sell ASCU to Talisker and Talisker Canyons. Prior to entering into this agreement, ASCU allegedly did not seek or receive prior written consent from Wolf Mountain for the assignment of ASCU's rights and responsibilities under the Lease to Defendants. Wolf Mountain maintains that it would reasonably refuse such an assignment because Defendants do not have "the financial condition and operating capability and experience reasonably adequate to operate the premises in a manner consistent with other comparably sized ski resorts throughout the United States."

In July 2007, Wolf Mountain filed suit against Defendants in this court, requesting a declaratory judgment as to Wolf Mountain's and Defendants' rights and legal relations under the Lease. Specifically, Wolf Mountain's Complaint states

> Wolf Mountain is entitled to a declaration from this [c]ourt that:
> (a) the purchase of ASCU by [Defendants] . . . is an
> "'assignment'" as that term is defined in the . . . Lease;
> (b) ASCU's failure to seek and obtain Wolf Mountain's prior
> written consent to the assignment of the . . . Lease to
> Defendants . . . renders the attempted assignment null and void and
> of no legal force or effect;
> (c) Wolf Mountain may reasonably refuse to consent to an
> assignment of the . . . Lease to [Defendants] because . . .
> [Defendants] do not have the financial condition and operating
> capability and experience reasonably adequate to operate the
> premises in a manner consistent with other comparably sized ski

>resorts throughout the United States; and/or
>(d) Wolf Mountain may reasonably refuse to consent to an assignment of the . . . Lease to [Defendants] . . . because of deficient corporate and moral character and unlawful business practices.

In August 2007, Defendants moved to dismiss Wolf Mountain's federal action for lack of diversity jurisdiction.

## DISCUSSION

First, because the supplemental material submitted by the parties demonstrates that Wolf Mountain is a citizen of Texas and California and Defendants are citizens of Utah and Canada, the opposing parties do not share citizenship, and the court determines that diversity between the parties is complete. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998) ("[D]iversity of citizenship among the parties is complete . . . only if there is no plaintiff and no defendant who are citizens of the same [s]tate."). The court therefore denies Defendants' Motion to Dismiss for Lack of Diversity Jurisdiction.   Second, the court determines that ASCU is a necessary party to the instant action and ASCU's joinder is feasible. *See CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911-12 (9th Cir. 1991) (holding that the absence of necessary parties may be raised *sua sponte* by the court at any time in the litigation); *Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006) ("The issue of indispensability . . . is one which courts have an independent duty to raise *sua sponte*."). The court thus directs Wolf Mountain to file an amended complaint adding ASCU as a party to the action. *See* Fed. R. Civ. P. 19(a)(2) (2007) ("If a person has not been joined as required, the court must order that the person be made a party.").

Federal Rule of Procedure 19 governs whether an absent party is necessary and/or indispensable to an action. *See* Fed. R. Civ. P. 19(a)-(b); *see also Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001). Pursuant to rule 19, the court employs a three-part analysis in determining the necessity and/or indispensability of an absent party. *See* Fed. R. Civ. P. 19(a)-(b)[1]; *see also Norton*, 248 F.3d at 997. "First, the court must determine whether the absent person is 'necessary.'" *Norton*, 248 F.3d at 997; *see also* Fed. R. Civ. P. 19(a). "If the absent person is necessary, the court must then determine whether joinder is 'feasible.'" *Norton*, 248 F.3d at 997; *see also* Fed. R. Civ. P. 19(a). "Finally, if joinder is not feasible, the court must decide whether the absent person is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue in his absence.'" *Norton*, 248 F.3d at 997; *see also* Fed. R. Civ. P. 19(b).

Rule 19 explains that an absent party is necessary to an action if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19 (a)(1)(A)-(B); *see Davis v. United States*, 192 F.3d 951, 957-58 (10th Cir. 1999).

---

[1] The December 1, 2007 amendment to Federal Rule of Civil Procedure 19 notably alters the rule's language, but such alteration does not affect the three-part analysis under the rule since the 2007 "changes are intended to be stylistic only." Fed. R. Civ. P. 19 advisory committee notes (2007).

Here, Wolf Mountain and ASCU are the named parties to the Lease, and in its Complaint, Wolf Mountain asks this court to interpret the Lease and declare that ASCU's sale of its stock to Defendants constituted an assignment as defined in the Lease and that ASCU's failure to obtain Wolf Mountain's consent prior to the stock sale rendered the attempted assignment null and void.  Thus, pursuant to the factors set forth in rule 19, the court determines that ASCU is a necessary party to Wolf Mountain's action in that ASCU, as party to the Lease, "claims an interest relating to the subject of the action and is so situated that disposing of the action in [ASCU's] . . . absence may . . . as a practical matter impair or impede [ASCU's] . . . ability to protect the interest."  Fed. R. Civ. P. 19(a)(1)(B)(i).  *See Ente Nazionale Idrocarburi v. Prudential Sec. Group, Inc.*, 744 F. Supp. 450, 456 (S.D.N.Y. 1990) (deciding that an absent party constituted a necessary party with "real interests that are clearly at stake" because the absent party "has clear rights and affirmative obligations under the contract which [the court] must construe"); *see also Ward v. Deavers*, 203 F.2d 72, 75 (D.C. Cir. 1953) (holding that "there is a general rule that where rights sued upon arise from a contract[,] all parties to it must be joined"); *Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000) ("It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party."); *Japan Petroleum Co. v. Ashland Oil, Inc.*, 456 F. Supp. 831, 836 n.7 (D. Del. 1978) (noting that all parties to a contract must be joined if the rights sued upon arise under the contract); *Fiscus v. Combus Fin. AG*, No. 03-1328, 2007 WL 4164388, at *5 (D. N.J. Nov. 20, 2007) ("When a court is called upon to interpret the terms of a contract and to evaluate whether the parties to the contract have . . . upheld their respective responsibilities, the absence of one or more parties exposes the absent party to precisely the kind of risks that [r]ule 19(a)[(1)(B)(i)]

empowers courts to guard against."). Without ASCU's joinder, the court declines Wolf Mountain's request to interpret the Lease and render legal determinations regarding and possibly affecting ASCU's rights and obligations.

Having decided that ASCU is a necessary party to the instant action, the court next determines whether joinder of ASCU is feasible. *See Norton*, 248 F.3d at 997; *see also* Fed. R. Civ. P. 19(a). Joinder of a necessary party is feasible if the party is "subject to service of process" and their "joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1); *see also Austin Fireworks, Inc. v. T.H.E. Ins. Co.*, 809 F. Supp. 829, 830 (D. Kan. 1992). The parties agree that ASCU is a corporation incorporated in Maine with its principal place of business in Park City, Utah. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any [s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business[.]"). Because Wolf Mountain is not a citizen of Maine or Utah, ASCU's joinder as a defendant will not destroy complete diversity between the adverse parties and the court retains subject matter jurisdiction. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Thus, joinder of ASCU is feasible, and the court does not reach the indispensability issue. *See* Fed. R. Civ. P. 19(a)-(b).

## CONCLUSION

Defendants' Motion to Dismiss is DENIED. The court ORDERS Wolf Mountain to file an amended complaint within thirty (30) days of this Order adding ASCU as a party to the action.

DATED this 4th day of January, 2008.

BY THE COURT:

_____

DALE A. KIMBALL

United States District Judge