# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ASC UTAH, INC.; TALISKER CANYONS FINANCE CO., LLC,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>WOLF MOUNTAIN RESORTS, L.C.,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Civil Case No.  2:08CV61DAK |

　　　　This matter is before the court on Plaintiffs ASC Utah, Inc. ("ASCU") and Talisker Canyons Finance Co., LLC's ("Talisker") Motion to Remand, and Defendant Wolf Mountain Resorts, L.C.'s Motion to Strike Portions of Ashton Affidavit.  The court held a hearing on the motions on January 31, 2008.  At the hearing, ASCU was represented by John R. Lund and Kara L. Petit, Talisker was represented by John P. Ashton and Clark K. Taylor, and Defendant Wolf Mountain was represented by Jesse C. Trentadue and Michael W. Homer.  The court took the motions under advisement.  The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motions.  Now being fully advised, the court issues the following Memorandum Decision and Order.

## DISCUSSION

　　　　Wolf Mountain removed this case to federal court on January 23, 2008, after the case had been pending before the state court since September 10, 2007.  Wolf Mountain asserts that

1

federal jurisdiction exists based on a diversity of citizenship between the parties.  A trial in the state court action was scheduled to begin February 11, 2008.

To remove an action to federal court, the federal court must have original jurisdiction over the claim.  28 U.S.C. §1441(a).  In addition, the defendant must file its notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* §1446(b).  There is an exception to the thirty day requirement where "the case stated by the initial pleading is not removable." *Id.*  In that instance, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

The burden is on the removing party to demonstrate that jurisdiction is proper and that the requirements for removal have been met.  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removal statutes are to be narrowly construed and "all doubts are to be resolved against removal."  *Id.*; *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).

ASCU and Talisker argue that Wolf Mountain's removal is untimely, and even if it was timely, Wolf Mountain has waived its rights to removal based on its actions in state court.  ASCU and Talisker further argue that this court lacks subject matter jurisdiction based on diversity of citizenship.

A. Timeliness of Removal

The Tenth Circuit has held that the key for determining the date from which the removal

clock begins to run is when the defendant is able to "intelligently ascertain removability." *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957). The Tenth Circuit has defined "ascertain" to mean "to find out or learn with certainty." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1999).

The Complaint in the state court action identified ASCU as a corporation organized and existing under the laws of Maine, authorized to do business in Utah, and having its principal place of business in Park City, Utah. The Complaint identified Talisker as a Delaware limited liability company, and a subsidiary of a Canadian partnership.

Wolf Mountain relies on *Akin v. Ashland Chem.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998) to assert that the pleading, on its face, must provide the defendant with the notice of the right to remove. Wolf Mountain argues that because the citizenship of Talisker was described only as a Delaware limited liability company, instead of listing the citizenship of its members, Wolf Mountain was not able to ascertain whether the case was removable until this court issued its ruling in a related federal action on January 4, 2008. The related case, civil no. 2:07cv548DAK, was filed in this court by Wolf Mountain against Talisker. In the January 4, 2008 order, this court found that diversity jurisdiction existed based on the representation of the parties citizenship. The court also determined that ASCU was an indispensable party to the action.

Wolf Mountain's reliance on the court's January 4, 2008 order, however, is inappropriate. The January 4, 2008 order did not establish new facts or create new law. The parties were charged with a knowledge of the appropriate legal standards before they were identified by the court. It is well established law that a limited liability company's citizenship for purposes of diversity jurisdiction is determined by the citizenship of each of its members. In addition, Wolf

Mountain was charged with knowledge of its own citizenship. *Alliance Financial Services v. Villa Del Rey-Roswell, Ltd.*, 879 F. Supp. 1140, 1142 (D. Utah 1995).

Factually, Wolf Mountain was aware that Talisker Developments Inc. was the sole member of Talisker by the end of November 2007. And Wolf Mountain had the facts it needed to ascertain diversity as of December 14, 2007 at the latest. On December 14, 2007, Talisker provided Wolf Mountain with an organizational chart and other information required by Judge Hilder in the state court action. The consolidated financial statement of TDI states that it is a Utah Corporation formed for the development, sale, and lease of golf and mountain resort real estate located in or near Park City, Utah. Furthermore, obtaining a party's citizenship does not require extensive investigation. These types of determinations are routinely made in litigation and could have been easily ascertained.

Moreover, this court's January 4, 2008 order is not an "order or other paper" for purposes of starting a new thirty-day period under Section 1446(b). The narrow exceptions carved out by *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993) and *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263 (5th Cir. 2001) do not apply to Wolf Mountain's attempt to remove the state court action. In *American Red Cross*, the court emphasized that its holding was narrow and applied only if a court order "expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues." 14 F.3d at 202-03. This court's January 4, 2008 order, therefore, did not provide a new basis for seeking removal.

### B. Waiver of Right to Remove

Even if the January 4, 2008 order did create a new basis for removal, ASCU and Talisker persuasively assert that Wolf Mountain's actions in the state court action since that time have

waived its right to removal.  Although the Tenth Circuit has not specifically addressed waiver of the right to remove based on conduct of the removing party, the Ninth Circuit has recognized that "the right to remove is waived by acts which indicate an intent to proceed in state court." *Moore v. Permanente Medical* Group, 981 F.2d 443, 447 (9th Cir. 1992).  The court further explained that "Defendants may not 'experiment' in state court and remove upon receiving an adverse decision."  *Id.; see also Johnson v. Heublein*, 227 F.3d 236, 243-44 (5th Cir. 2000) (defendants waived right to remove by filing motions to dismiss and for summary judgment).  A court in the District of New Mexico also found waiver of the right to remove when a party served discovery requests, made a motion to dismiss, and scheduled a hearing on the motion after the party should have ascertained its removal right but before it filed its notice of removal.  *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1125 (D.N.M. 1998).  The court noted that such conduct was not an "action that merely maintained the state court status quo," but "manifested a clear and unequivocal intent to proceed on the merits."  *Id.*

In this case, Wolf Mountain filed a Renewed Motion to Dismiss in the state court action on January 6, 2008, two days after this court's order in the related federal action.  The parties briefed the motion, argued it to the state court on January 15, 2008, and received a ruling denying the motion on January 18, 2008.  Even if this motion could be characterized as a motion to assert Wolf Mountain's rights in federal court, Wolf Mountain chose to proceed in state court rather than file its removal.  Five days after the adverse ruling in the state court action, Wolf Mountain filed its Notice of Removal of the action to this court.  After the January 4, 2008 order, Wolf Mountain also participated in five different hearings in the state action, including discovery, scheduling, and affirmative relief.  Wolf Mountain also noticed the depositions of four witnesses,

served an objection to a proposed order regarding a January 2, 2008 hearing in the state court action, served a subpoena duces tecum, provided a witness list for the state court trial, and engaged in numerous discovery and trial preparation communications with counsel the Talisker Companies.  The day before filing its Notice of Removal, Wolf Mountain submitted Rule 30(b)(6) notices of deposition for three Talisker entities.[1]

Wolf Mountain's actions demonstrate a clear and unequivocal intent to proceed on the merits in the state court action.  The court, therefore, concludes that even if this court's January 4, 2008 order gave Wolf Mountain the right to remove the state court action, Wolf Mountain's conduct in the state court waived any such right.

### C. Subject Matter Jurisdiction

The parties also dispute whether in fact there is diversity jurisdiction to support the federal action based on the citizenship of Kenneth Griswold.  In June 2006, he testified that he was a resident of the State of Utah, but he submitted a declaration in this case that he is a resident of the State of California.  Because Wolf Mountain has failed to meet its burden of demonstrating that its removal was timely, the court finds that it is unnecessary to reach this issue.

### D. Abstention

The parties further dispute whether abstention is appropriate because they disagree as to

---

[1] Wolf Mountain's Motion to Strike Portions of Ashton's Affidavit asserts that paragraphs of Ashton's affidavit should be stricken because he refers to discovery and other actions taken in the state court which are a part of the record in this removed case.  The court, however, finds no grounds for striking assertions merely because they are providing information that can also be ascertained in the record.  Accordingly, the court denies Wolf Mountain's motion to strike.

whether this action seeks coercive relief.  Again, the court need not reach this issue because it concludes that the Notice of Removal is untimely and Wolf Mountain waived its removal rights.

### E. State Court Proceedings

Wolf Mountain also asks this court to issue an order staying the state court action in the event that the court remands the action.  Wolf Mountain argues that because the prior federal action was first filed, it has exclusive jurisdiction over the subject matter.

Such an order, however, is barred by federal law.  The federal Anti-injunction Act prohibits any federal court order enjoining, deciding, or otherwise preempting a state court proceeding, except "as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 228.  Wolf Mountain claims that this court is required to enjoin the state proceedings to protect its jurisdiction in the federal action.  The prior federal action, however, has not moved past the motion to dismiss/answer phase, whereas, the state action has progressed to the eve of trial.  Wolf Mountain's arguments regarding the protection of federal jurisdiction over the subject matter of this action is starkly at odds with the procedural posture of the cases.  Again, the court finds that Wolf Mountain has waived any rights it may have had to assert priority of the prior federal action.

### CONCLUSION

Based on the above reasoning, Wolf Mountain's Notice of Removal was untimely, Wolf Mountain's actions in the state court after this court's January 4, 2008 action constitute waiver of any removal right it may have had, and this court cannot properly order a stay of, or otherwise enjoin, the state court action.  The court grants ASCU and Talisker's motion to remand and orders that this case is remanded to the Third Judicial District Court in and for Summit County,

State of Utah. Pursuant to 42 U.S.C. § 1447(c), the Clerk of this court shall mail a certified copy of this order of remand to the clerk of said state court. Each party shall bear its own fees and costs.

This ruling also moots Wolf Mountain's motion to consolidate filed in the related federal action, civil no. 2:07cv548DAK.

DATED this 31st day of January, 2008.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge